Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 50193 | **DATE** | 8/19/2002 |
| **CASE TITLE** | Maynard vs. Nygren | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for attorney's fees and motion to file brief in excess of 15 pages

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for attorney's fees and non-taxable expenses is granted in part and denied in part. Defendant's motion for leave to file a reply brief in excess of fifteen pages is granted. This order supplements the court's previous order of February 14, 2002 [132]. As a sanction for a discovery violation (explained more fully in open court on February 14, 2002), defendant is awarded $33,442.50 in attorney's fees and $1546.51 in non-taxable expenses against plaintiff and his attorneys of record personally (Dennis Ray Favaro and Patricia L. McLauchlan Jochum), one half to be paid by each as set forth in the court's February 14 order. This is in addition to the sanction of $3500 against plaintiff and his attorneys, per the February 14 order, to be paid to the clerk of the court. This case is hereby dismissed in its entirety. This order and the judgment entered herein is now final for purposes of appeal.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | AUG 20 2002 | 161 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. ✓ | | 8-20-02 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

In a previous order (Doc. No. 132) this court granted defendant's emergency motion for involuntary dismissal and/or sanctions pursuant to Rule 37. One of the sanctions imposed against plaintiff and his counsel was an award of defendant's reasonable attorney's fees, expenses, and costs incurred in bringing the emergency motion. This order takes up defendant's motion to set those attorney's fees and non-taxable expenses.

Before turning to the particulars of this motion, however, a few prefatory remarks are in order. From the very beginning, the amount of time spent by counsel for both sides in this case has been inordinately out of proportion to what the case is actually worth. The sum of plaintiff's economic damages is, as estimated by plaintiff's own counsel, roughly $60,000.00. In comparison, the lawyers informed the court during settlement talks that *each side* had attorney's fees of approximately $135,000.00 at that time. Worse yet, this figure obviously does not include the fees racked up surrounding the emergency motion or additional fees if a trial had ensued. What's more, this court has tried on several occasions, through telephonic conferences and in-court status hearings, to settle initially the entire case and subsequently this battle over fees, and put a stop to the amount of money expended on this relatively small (in terms of damages) case. Unsuccessful in those efforts, the court has no choice but to determine the reasonableness of defendant's fee request on its own.

The first issue the court must address is defense counsel's hourly rate. Defense counsel uses what he calls a "special blended hourly rate" when billing defendant, the McHenry County State's Attorneys Office. Under this blended rate, defense counsel charges defendant a uniform rate of $140.00 per hour, no matter who actually performs the work — be it defense counsel himself, a senior associate, a regular associate, a paralegal, or a secretary. Plaintiff objects to the use of this blended rate because it exceeds defense counsel's standard billing rates — the rates he charges clients other than the State's Attorneys Office — for paralegals and clerical staff ($75.00 and $50.00, respectively). Plaintiff thus suggests the court should use the following rates: $140.00 for attorney work, $75.00 for paralegal work, and $50.00 for clerical work. But plaintiff cannot have it both ways. Because the blended rate does not account for *just* attorney work, but factors in work done by paralegals and clerical staff as well, plaintiff cannot get the benefit of a reduced attorney rate, as reflected by the blended rate, and still use the lower, standard rates for paralegals and clerical staff. Nevertheless, the court agrees that defendant should not be able to bill for paralegal and clerical work at rates higher than actual or market rates.

In response, defense counsel suggests the court should just use his standard published rates across the board for everybody, including attorneys. One of the problems with this approach is that these are not the rates defense counsel *actually* billed to his client in this case. But while the actual billing rate used by an attorney pursuant to a contracted rate with a particular client is relevant evidence to determine a reasonable fee rate, it is not necessarily determinative. See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1337 (11th Cir. 2001) (holding that "agreed-upon fee rate does not necessarily act as a cap or ceiling in determining the reasonable hourly rate" and finding district court did not abuse discretion by using "historical rate," which was higher than negotiated rate between attorney and client, as historical rate more accurately reflected prevailing market rate) (collecting other cases). This is especially true here where, as explained above, the blended rate includes work done by attorneys *and* paralegals *and* clerical staff.

So the question then becomes whether defense counsel's standard rates are reasonable and fall within the market rate. Unfortunately, defense counsel has not submitted the affidavit of any other attorney to testify that his published rates are comparable to the rates of attorneys practicing in the same field and market area, and defense counsel's own affidavit normally would not be enough by itself to establish the market rate for his services. See Harper v. City of Chicago Heights, 223 F.3d 593, 604 (7th Cir. 2000), cert. denied, 531 U.S. 1127 (2001). Plaintiff, however, never objects to the reasonableness of defense counsel's published rates, saying only that they are "irrelevant" because of the contracted rate between defense counsel and defendant. In light of plaintiff's tacit acquiescence to the reasonableness of the published rates, and in part because these rates are comparable to (in fact, even less than) those of plaintiff's counsel, the court finds defense counsel's published hourly rates are reasonable and will use them in calculating the amount of fees. (These rates can be found in defendant's exhibit A, Bates no. 72.)

Moving on, plaintiff lodges a series of objections to the number of hours defense counsel claims in his petition, arguing that some are excessive, others are unnecessary, and still others are unrelated to the emergency motion. Having reviewed those objections and conducted its own detailed examination of defense counsel's billing records, the court finds many of the hours billed are indeed unreasonable. For example, defense counsel spent 60.7 hours in preparing the present motion for fees and non-taxable expenses. Although the court understands some of this time was spent complying with Local Rule 54.3, it is still hard-pressed to believe that some 60 billable hours were necessary for working on the instant motion. Another example is the 27.4 hours defense counsel worked on the Notary Public Act and defendant's motion to strike affidavits. As the court stated during the evidentiary hearing, these matters had no impact on its final decision, so defense counsel spent over 27 hours on what was effectively a non-issue. Other examples include an excessive amount of time spent in conferences (24.9 hours) and preparing a reply brief in support of the emergency motion (41.4 hours).

But rather than identify all of the questionable billing entries line-by-line, which would be exceedingly tedious and burdensome on the court, and would make this opinion unnecessarily lengthy, the court has decided simply to reduce the number of out-of-court hours by defense counsel and his staff in half. Over the four years since it was filed, this court has come to know this case quite well, especially after ruling upon a motion for summary judgment, personally meeting with the attorneys and parties on both sides to discuss a possible settlement, and, of course, presiding over the one-day evidentiary hearing on defendant's emergency motion. Based on such an intimate familiarity with the complexity of the legal and factual issues involved in the emergency motion, as well as the "wide latitude" this court has in "evaluating the reasonableness of the attorneys' fees requested" as part of a discovery-related sanction, see Johnson v. Kakvand, 192 F.3d 656, 661 (7th Cir. 1999), the court believes a fifty percent reduction in defense counsel's out-of-court hours results in a fair estimate of how much time was reasonably necessary for an experienced attorney, like defense counsel, and his staff to work on the emergency motion. Using the original figures contained in the parties' joint statement filed pursuant to Local Rule 54.3 (Def. Exh. D), defense counsel's hours are therefore reduced as follows: attorney James T. Harrison's out-of-court hours are reduced from 175.7 to 87.4[1]; attorney Clay M. Ullrick's out-of-court hours are reduced from 86.6 to 43.3; paralegal Nicola Nelson's hours are reduced from 127.5 to 63.8; and administrative assistant Carolyn Stickle's hours are reduced from 20.3 to 10.2. In addition, defense counsel in his reply brief has voluntarily withdrawn 2.2 hours of travel time for attorney Ullrick. With these revised numbers, the total amount of attorney's fees comes to $33,442.50.

On a final note, the court agrees that a $500 witness fee paid to Dr. Martinez is excessive, considering Dr. Martinez did not testify as an expert witness but merely explained his normal business practices regarding patient files. Since it appears defense counsel generally paid his other witnesses $67.00 for their appearances (Def. Exh. E, p. 4), the court will reduce the witness fee for Dr. Martinez by $433.00. Subtracting this from the total of $1979.51 defense counsel claimed in the parties' joint statement, defense counsel is entitled to $1546.51 in non-taxable costs.

For the reasons stated above, defendant's motion for attorney's fees and non-taxable expenses is granted in part and denied in part. As a sanction for a discovery violation (explained more fully in open court on February 14, 2002), defendant is awarded $33,442.50 in attorney's fees and $1546.51 in non-taxable expenses against plaintiff and his attorneys of record personally (Dennis Ray Favaro and Patricia L. McLauchlan Jochum), one half to be paid by each as set forth in the court's order of February 14, 2002 (Doc. No. 132). This is in addition to the sanction of $3500 against plaintiff and his attorneys, per the February 14 order, to be paid to the clerk of the court.

---

[1] In his reply brief, defense counsel has voluntarily withdrawn one hour for which there was no description and which he admits he meant to exclude from the petition. But because it is unclear *whose* hour it is, the court gives plaintiff the benefit of the doubt and assumes it is attributable to attorney Harrison. The court thus subtracted this hour from attorney Harrison's original total of 175.7 out-of-court hours, leaving 174.7 hours. Fifty percent of 174.7 is 87.4 (rounded up to the nearest tenth).